JAMES KING OF WM., Respondent, v. JOHN B. HALL and HENRY T. HUGGINS, Appellants.

An action may be brought by one person against another, for the purpose of determining an adverse claim which the latter makes against the former for money or property, upon an alleged obligation.

But this does not deprive the latter of his right of action, otherwise the remedies of arrest and attachment would be virtually denied.

An order of injunction, whereby the bringing of an action is restrained, will be reversed, notwithstanding an injunction bond has been given.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

The plaintiff was a resident of the County of San Francisco. The defendants resided in the County of San Joaquin.

The bill prayed an injunction to restrain defendants from bringing suit against the plaintiff in San Joaquin County, alleging that the same would be accompanied with serious damage, hardship, and cost to plaintiff, by reason of his being compelled to conduct the suit at an additional expense, in a distant county.

The action was brought under the 527th section of the Practice

Act, which provides that "An action may be brought by one person against another, for the purpose of determining an adverse claim which the latter makes against the former, for money or property, upon an alleged obligation."

The bill also prayed that the defendants be restrained from commencing any action against the plaintiff, to recover any sum or sums of money arising from the breach of a certain contract ; and that they be compelled to set up in their answer, any adverse claim which they might have, and that the same be determined in this action.

The Court below granted an injunction, restraining the defendants from commencing any action against the plaintiffs, and denied a motion to dissolve the injunction upon condition that plaintiff filed a bond in the sum of $20,000, conditioned to pay to the defendants whatever sum of money that might finally be adjudged to them in this cause.

Defendants appealed.

*Calhoun & Blanding*, for Appellants.

The order of injunction from which an appeal is taken in this case, was made "in restraint of any action" by the appellants ; whereas, the complaint and affidavit of the appellee allege, that loss and injury would result, if the action was brought in Tuolumne County, or in some other distant place from San Francisco.

On the one hand, the order enjoins all actions in whatsoever place ; on the other, the complaint and affidavit show the grounds of injunction to be good only as to certain named places, and therefore insufficient and bad, as to all other places.

The order therefore is too general in its application, and is erroneous in view of the allegations of the complaint and affidavit.

*Janes, Doyle & Barber, and Jo. G. Baldwin*, for Respondent.

That the injunction was properly granted, because the intention of the Act cited, is to bring a threatened claim to a speedy termination, and that in as simple and expeditious a manner as possible.

The object of the injunction here, was not only to hasten suit, but to prevent harrassing litigation.

The tendency of modern decisions is in favor of a free exercise of the power of injunction ; preventive justice is the best kind of justice ;

and the Courts will not suffer many suits where one will do, nor permit a party to be put to expense or inconvenience, when no object can be obtained by it.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The right of the plaintiff to bring his action and test the claim made against him, is very clear under the provision of the Practice Act.

But there is nothing therein which can warrant the inference, that defendants are to be deprived of their right of action. Nor upon any principle ought it to be permitted ; for if it was, the defendants would be deprived of the remedies of arrest and attachment, either of which in a proper case, they may resort to. It is no answer to say that an injunction bond has been given. The recovery upon that might possibly be very limited, and at any rate, would put the parties to the cost and delay of another action.

Order of injunction is reversed, and the injunction dissolved.