## SMITH v. SPARROW.

*Lewis* v. *Tobias*, 10 Cal. 577, and *King* v. *Huggins*, 5 Cal. 82, affirmed.
Where suit is pending in one Court on a note of defendant, though no summons
has been served and no appearance made, he cannot bring a bill in equity, in
another Court, to enjoin the collection of the note, or to cancel it, the averment
being, simply, that he has a good defense to the note.

APPEAL from the Thirteenth District.

The complaint avers in substance that, in settlement of a
transaction between the parties, plaintiff gave defendant a note.
That, afterwards, discovering the amount was too much, in con-
sequence of deceit practised by defendant, plaintiff induced de-
fendant to make a new computation of interest, etc. and to agree
to surrender the note upon payment by plaintiff of twenty-six
hundred and fifty dollars, about one-half the note. That he paid
the money, defendant took it, and then refused to surrender the
note. Prayer for an injunction against suit on the note, and for
surrender, etc. etc.

Defendant demurred, and the demurrer was overruled; but the Court sustained a plea in abatement, that defendant, before the commencement of this suit, had brought suit on the note in the Twelfth District Court, which suit was there pending, although defendant therein (plaintiff here) had not been served with process.

Plaintiff appeals from a judgment dismissing his bill.

*D. W. Perley,* for Appellant, argued: that filing a complaint, and issuing a summons in one District Court, there being neither service nor appearance, do not give that Court exclusive jurisdiction, so that no other suit between the same parties, touching the same subject matter, can be entertained by another District Court, until the final disposition of the first suit. When the Respondent, on the 14th day of March, filed his complaint in the Twelfth District Court, that Court obtained jurisdiction of the subject matter of that suit; but it did not then obtain, nor has it yet obtained jurisdiction of the person of the defendant in that suit. (*Johnson* v. *Comstock*, 6 Hill, 10; *Brown* v. *Ferguson*, 2 Denio, 196.)

The Practice Act, providing that suits shall be commenced by filing the complaint, and issuing summons, does not prescribe the time when the Court shall obtain exclusive jurisdiction. Jurisdiction, to be exclusive, must be both of the person and subject matter, and the Court which first obtains jurisdiction of both, must try the whole case. The District Court for the county of Stanislaus, first obtained this jurisdiction over both, and erred, therefore, in sustaining the plea in abatement.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

We think the Court below did not err to the prejudice of the Appellant in dismissing his bill. The bill alleges merely that the plaintiff has a legal defense to a promissory note held by the defendant. In *Lewis* v. *Tobias*, (10 Cal. 577,) we held that equity will not interfere in such cases, unless under peculiar circumstances. We do not understand this to be a proceeding under the 527th Section of the Practice Act. If it were, it comes within the principle of *King* v. *Hall & Huggins*, (5 Cal. 82.)

Sparrow having taken his proceedings in the Twelfth District Court, the plaintiff has a full opportunity of terminating the controversy by having the case tried.

Judgment affirmed.